Filed 5/20/25  P. v. Sanchez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B336869 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA056134) |
| v. | |
| DAVID ERNESTO SANCHEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Reversed and remanded.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Robin Davis and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant David Ernesto Sanchez appeals from the trial court's February 8, 2024, order denying his petition for recall and resentencing pursuant to Penal Code section 1170, subdivision (d).[1]  The People concede that the court erred.  We agree with the parties.  Accordingly, we reverse the trial court's order and remand the matter for further proceedings.

## BACKGROUND

I. *Conviction and Sentencing*

In 2008, a jury found defendant guilty of three counts of attempted murder (§§ 664, 187, subd. (a); counts 1–3), one count of shooting at an inhabited dwelling (§ 246; count 4), and three counts of assault with a semiautomatic firearm (§ 245, subd. (b); counts 5–7).  As to all counts, the jury found true the allegation that defendant committed the offenses for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)).  As to counts 1 through 3, the jury found that defendant committed the attempted murders willfully, deliberately, and with premeditation within the meaning of section 664, subdivision (a); that a principal used a firearm within the meaning of section 12022.53, subdivisions (b), (c), and (e)(1); and that defendant personally used a firearm within the meaning of section 12022.53, subdivisions (b) and (c).  In

_____

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

connection with counts 5 through 7, the jury found true the allegation that defendant personally used a firearm within the meaning of section 12022.5, subdivision (a).

The trial court sentenced defendant to an aggregate term of 60 years plus 45 years to life in state prison. The sentence was comprised of three consecutive terms of life with the possibility of parole after 15 years for the attempted murders, plus three consecutive 20-year terms for the firearm enhancements. The court imposed and stayed sentences on the remaining counts.

We affirmed the judgment on direct appeal. (*People v. Sanchez* (Aug. 5, 2009, B210061) [nonpub. opn.].)

II. *Petition for Recall and Resentencing*

On October 4, 2023, defendant filed a petition for recall and resentencing pursuant to section 1170, subdivision (d).[2] Defendant alleged that he was 17 years old at the time of the crime and had been incarcerated for a least 15 years. Relying on *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*), defendant argued that he was entitled to relief because he had been sentenced to the functional equivalent of life without the possibility of parole (LWOP) and satisfied the other criteria for resentencing. The People opposed the petition.

III. *Trial Court's Ruling*

On February 8, 2024, the trial court issued an order denying defendant's section 1170, subdivision (d) petition. The court declined to follow *Heard, supra,* 83 Cal.App.5th 608 and instead concluded that defendant was ineligible for relief because he was not serving an LWOP sentence.

---

[2] Defendant previously filed a section 1170, subdivision (d) petition in July 2023, which the trial court denied. That petition is not at issue in this appeal.

3

IV. *Appeal*

This timely appeal ensued.

**DISCUSSION**

I. *Standard of Review*

We apply de novo review where, as here, the appeal turns on questions of law and the application of law to undisputed facts. (*People v. Ashford University, LLC* (2024) 100 Cal.App.5th 485, 518.)

II. *Relevant Law*

Under section 1170, subdivision (d)(1)(A), "[w]hen a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." Among other things, the petition must state that at least one of four qualifying circumstances is true. (§ 1170, subd. (d)(2).)[3] If the court finds by a preponderance of the evidence that a qualifying circumstance is true, the court must recall the sentence and hold a resentencing hearing. (§ 1170, subd. (d)(5).)

---

[3] The qualifying circumstances are: (1) "The defendant was convicted pursuant to felony murder or aiding and abetting murder provisions of law"; (2) "[t]he defendant does not have juvenile felony adjudications for assault or other felony crimes with a significant potential for personal harm to victims prior to the offense for which the sentence is being considered for recall"; (3) "[t]he defendant committed the offense with at least one adult codefendant"; or (4) "[t]he defendant has performed acts that tend to indicate rehabilitation or the potential for rehabilitation . . . ." (§ 1170, subd. (d)(2)(A)-(D).)

4

On its face, section 1170, subdivision (d), limits relief to juvenile offenders sentenced to LWOP.  (*People v. Olmos* (2025) 109 Cal.App.5th 580, 583; *Heard, supra*, 83 Cal.App.5th at pp. 622–626.)  However, in *Heard*, the Court of Appeal held that denying the opportunity to petition for section 1170, subdivision (d) relief to juvenile offenders sentenced to the functional equivalent of LWOP violates the constitutional guarantee of equal protection.  (*Heard, supra*, at pp. 612, 626– 634; see also *People v. Sorto* (2024) 104 Cal.App.5th 435, 454 (*Sorto*) [agreeing "with the *Heard* court that section 1170[, subdivision (d),] violates the constitutional guarantee of equal protection by denying relief to juvenile offenders sentenced to functionally equivalent LWOP terms"].)

III. *Analysis*

Defendant was sentenced to a total term of 105 years to life in prison (60 years plus 45 years to life), which is the functional equivalent of LWOP.  (See *People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1047, 1051 [107-year-to-life sentence functional equivalent of LWOP]; *Heard, supra*, 83 Cal.App.5th at pp. 612, 629 [same for 103-year-to-life sentence]; see generally *Sorto, supra*, 104 Cal.App.5th at p. 443 ["a sentence is the functional equivalent of LWOP if it includes a 'term of years with a parole eligibility date that falls outside the juvenile offender's natural life expectancy[]'"].)  Based on his right to equal protection of the laws, defendant is entitled to seek recall and resentencing relief under section 1170, subdivision (d).  (See *Heard, supra*, at p. 612; *Sorto, supra*, at p. 440.)  We agree with the parties that the trial court erred in concluding otherwise.[4]

---

[4]     The trial court did not consider itself bound by *Heard, supra*, 83 Cal.App.5th 608 because it concluded that *Heard* was

5

We therefore reverse the order denying defendant's section 1170, subdivision (d) petition. On remand, the court shall reconsider the merits of defendant's petition and, in the first instance, make findings as to whether defendant satisfies any of the qualifying circumstances set forth in section 1170, subdivision (d)(2)(A)-(D).[5] (See *Heard*, *supra*, 83 Cal.App.5th at p. 634.)

## DISPOSITION

The trial court's February 8, 2024, order denying defendant's section 1170, subdivision (d) petition is reversed. On remand, the court shall reconsider the merits of defendant's petition. If the court finds by a preponderance of the evidence that one or more of the qualifying circumstances set forth in

---

inconsistent with *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*). This was incorrect. (See *Bagsby*, *supra*, 106 Cal.App.5th at pp. 1056–1059 [*Heard* and *Franklin* are consistent]; *Sorto*, *supra*, 104 Cal.App.5th at pp. 447–448 [same].)

[5] Defendant contends that the trial court made an implied finding that, apart from not being sentenced to LWOP, defendant otherwise met the statutory requirements for resentencing. We disagree. Having deemed defendant ineligible as a matter of law, the court did not make any express or implied factual findings regarding defendant's entitlement to relief.

section 1170, subdivision (d)(2)(A)-(D), is true, the court shall recall defendant's sentence and hold a hearing pursuant to section 1170, subdivision (d)(5).

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
RICHARDSON


7